■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRADLEY J. ALMOND, Respondent.—Mikoll, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri,

J.), entered December 12, 1988, which granted defendant's motion to suppress evidence.

The issue before us is whether County Court correctly held that the blood test taken from defendant was not in conformity with Vehicle and Traffic Law § 1194 (1) and must be suppressed. The facts disclose that defendant, the driver of one of two cars involved in a collision on December 4, 1987 which left his three passengers dead, was taken from the scene to the hospital for treatment. Deputy James Crawford was directed to follow him to the hospital to obtain a blood test from him and from the other driver, Randy Coller. At the scene, Crawford had observed that defendant was in a distraught and emotional state. An inspection of defendant's car revealed broken beer bottles within and without the vehicle and the strong scent of alcohol. Crawford could not testify to detecting a smell of alcohol on defendant's breath at the scene of the accident.

Upon arriving at the hospital, Crawford observed defendant in a hysterical state being forcibly subdued by hospital attendants. Defendant was ultimately sedated. Crawford then ordered blood to be drawn from the unconscious defendant. The test was taken within two hours of the accident. Crawford then departed. Defendant was not restrained under guard and left the hospital voluntarily several days later. He was not charged until some time later when an indictment was issued against him for vehicular manslaughter in the second degree, operating a motor vehicle while under the influence of alcohol, reckless driving and failure to stop for a stop sign.

The People urge that the blood test was improperly suppressed by County Court. It is contended that defendant was under arrest in the hospital and was required to submit to the blood test pursuant to Vehicle and Traffic Law § 1194 (1). The court found that no arrest of defendant had taken place and that, consequently, the procedure followed by the People was not in conformity with the requirements of Vehicle and Traffic Law § 1194. The decision should be affirmed. Vehicle and Traffic Law § 1194 must be strictly construed and applied. The record supports the court's finding that defendant had not been placed under arrest in the hospital; consequently, there was no entitlement to draw blood from him absent his consent or a court order (see, Matter of Gagliardi v Department of Motor Vehicles, 144 AD2d 882, 883-884).

Order affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.