■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTOS, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered January 7, 1987, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felony offender, to an indeterminate term of from 4½ to 9 years' imprisonment, unanimously affirmed, without prejudice to a motion pursuant to CPL 440.10.

Defendant was arrested during a buy-and-bust operation after the defendant sold $20 worth of cocaine to an undercover police officer. Before trial, defendant waived his right to a jury trial. Defendant now contends that he was denied the effective assistance of counsel because his attorney gave no opening statement, gave a brief statement in summation, abandoned a planned agency defense that was the alleged basis for the waiver of a jury trial, failed to cross-examine two witnesses, and also failed to vigorously cross-examine the officer who purchased the drugs from him. We find defendant's contentions meritless.

The record shows that defendant was not an agent, and that he intended to profit from the illegal drug sale. *(People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930.) Accordingly, even if counsel initially intended to pursue an agency defense, his abandonment of that defense was a strategic decision which is not subject to second-guessing by the court. *(People v Satterfield,* 66 NY2d 796.) Similarly, his decision not to cross-examine two witnesses is not subject to attack.

Finally, defense counsel's cross-examination fully advanced the defendant's case. Counsel sought to show that a reasonable doubt existed based on the five-minute time lag between the drug sale and the defendant's arrest, thus raising the possibility that the wrong person was arrested. He also elicited testimony that when the defendant was arrested, no buy money was found on him. In addition, counsel's tactic in not making an opening statement and in giving a short summa-

tion must be viewed in light of the fact that this was not a jury trial. Therefore, defendant's argument that he was denied the effective assistance of counsel is not supported by the record. *(People v Baldi,* 54 NY2d 137.) Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.