■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SERRANO, Appellant.—Judgment, Supreme Court, Bronx County (Phylis S. Bamberger, J., at trial and sentence), rendered November 17, 1988, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the

third degree and criminal possession of a controlled substance in the third degree and sentenced him, as a second felony offender, to two concurrent indeterminate prison terms of from 5½ to 11 years and 4½ to 9 years, respectively, unanimously affirmed.

On October 22, 1987, a New York City police officer, working with three other police officers on a buy-and-bust operation, approached John Serrano and asked him where he could purchase crack. Serrano signaled his brother, the defendant, who was standing across the street. The defendant subsequently led the police officer to their "stash", gave him one vial of crack, and received a $10 bill of prerecorded buy money.

Shortly thereafter, the police arrested the defendant and his brother, both of whom were later convicted of the above crimes. On appeal, the defendant argues that the representation he received was ineffective. It is urged that counsel did not effectively represent defendant because counsel failed to request that the court instruct the jury on the defense of agency. Defendant also claims defense counsel failed to object to evidence that the drug sale occurred by a school. He now contends that this error had the effect of inflaming the jury and denying him a fair trial.

However, after reviewing the record we disagree with the defendant's contentions. The right to effective assistance of counsel is guaranteed by both the Federal and State Constitutions. (US Const 6th Amend; NY Const, art I, § 6.) In this regard, an attorney must exhibit reasonable competence when representing his client. *(People v Aiken,* 45 NY2d 394.) However, trial tactics that terminate unsuccessfully do not automatically indicate ineffectiveness. *(People v Baldi,* 54 NY2d 137.)

Defense counsel appeared concerned that defendant's prior criminal record, which included a felony conviction for selling drugs, would negate an agency defense. The trial court ruled that it would allow the prosecutor to impeach the defendant with his prior conviction. Therefore, the defendant did not testify or present an agency defense. Accordingly, the record shows that defense counsel's strategy not to put the defendant on the witness stand did not render his representation ineffective.

Additionally, the record does not support defendant's contention that he had a viable agency defense. "In this State it

has long been held that '[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics' ". *(People v Lam Lek Chong,* 45 NY2d 64, 73.) The police officer did not approach defendant, rather the defendant led and accompanied the police officer a city block to the "stash" and handed him one vial of crack. The officer, in turn, tendered $10 to the defendant. These facts show that the defendant had an independent desire to promote the transaction. *(People v Matos,* 123 AD2d 330.) Thus, since a jury instruction regarding the agency defense should be submitted "where there is at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" *(People v Argibay,* 45 NY2d 45, 55), defense counsel's actions in this case were proper.

The record also does not support defendant's argument that defense counsel's failure to object to testimony that the sale occurred by a school constituted ineffective assistance of counsel. There was no testimony that defendant sold drugs to school children, or that children were present when the sale occurred. Therefore, defense counsel's strategy not to object *(People v Baldi,* 54 NY2d 137, *supra)* did not render his representation ineffective. Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.