■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL H. GROSS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 16, 1989, upon a verdict convicting defendant of the crimes of burglary in the second degree, sexual abuse in the first degree and attempted sexual abuse in the first degree.

Defendant was charged with entering the victim's home and bedroom, and sexually molesting her. The event lasted about five minutes before the victim's cries brought her father. Defendant was subsequently apprehended and indicted. On this appeal, defendant challenges County Court's rulings as to the admissibility of identification evidence. The court ruled

that the August 13, 1988 photo identification procedure by which the victim identified defendant's photo was impermissibly suggestive and suppressed such identification. Defendant claims that County Court erred when it found that those impermissible procedures did not taint the subsequent September 6, 1988 police lineup identification of defendant by the victim because she had an independent source for her lineup identification. We reject this claim. The court's ruling was properly based on its finding that the victim had the opportunity to observe defendant at close range for several minutes under adequate lighting during the incident *(see, Manson v Brathwaite,* 432 US 98; *see also, People v Owens,* 107 AD2d 825). Any taint from the earlier photo array was sufficiently attenuated at the September 6, 1988 lineup identification due to the passage of time *(see, People v Watts,* 130 AD2d 695, 696, *lv denied* 70 NY2d 718).

Defendant's argument that County Court improperly allowed testimony concerning the police lineup identification into evidence is also rejected. The record supports County Court's reliance on *People v Mason* (123 AD2d 720, *lv denied* 69 NY2d 714), which stated that stand-ins for the lineup were "sufficiently similar in appearance to the defendant such that no characteristic or visual clue would have oriented the viewer toward selecting the defendant" *(supra,* at 720).

Finally, we reject defendant's claim that he was not afforded the effective assistance of counsel. The matters complained of relate to trial strategy decisions and the assessment of the credibility of potential witnesses. Defense counsel raised the identification issue attacking the procedures followed and the victim's ability to observe defendant. Furthermore, it was not factually demonstrated that defendant had a viable alibi defense and therefore there was no neglect or incompetence on the part of defense counsel in not presenting this defense to the jury. We cannot say, viewing the case in its totality, that defendant did not receive meaningful assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 146-147).

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.