(October 22, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BUCHANON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 12, 1990, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On the evening of March 2, 1989 three City of Albany detectives, together with a confidential informant, went to the Arbor Hill section of Albany to investigate street level drug sales and drug dealers. The informant, who had been recruited and trained in "street buys" by the police, was equipped with a body wire or transmitter that was monitored by the police officers seated in an unmarked police van. The informant's initial attempts to purchase drugs were unsuccessful. Ultimately, the informant met Addie Gause, a personal

acquaintance of his, and asked her if she knew where he could buy cocaine. Gause told the informant to go to 364 Orange Street, "ring the bell and ask for Will". He did so and a heavy-set, dark-skinned black male with a bald head and beard answered the door. Gause, standing at the bottom of the steps, pointed to that man and told the informant "that's Will". When the informant asked Will if he could purchase 1/16 of an ounce of cocaine, Will went back into the apartment, leaving the door open, and returned with a plastic bag containing cocaine which he gave to the informant in exchange for $40. After the transaction was complete, the informant left the residence and went directly to the police van, where he turned the plastic bag he had obtained from inside the residence over to Detective Kenneth Kennedy who was inside the van.* The informant described Will as "a black male, 27-30 years old, six foot one". Kennedy knew that the residence at 364 Orange Street was occupied by the Buchanon family which included defendant, Willie Buchanon. Four days later Kennedy showed the informant a single photograph of defendant and the informant identified defendant as the man named Will who sold him cocaine.

Defendant made a pretrial motion to suppress the identification testimony as tainted because the informant was shown a single photograph only. After a *Wade* hearing, County Court found the photo identification improper and suppressed its use, but held that an independent basis existed to allow defendant to be identified by the informant at trial.

At trial the prosecution called the informant, the detectives who testified as to the sequence of events, Gause and the forensic scientists who confirmed that the substance purchased was cocaine. Defendant offered no proof. The jury found defendant guilty of the crime of criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1) as charged. Defendant was sentenced to a prison term of 6 to 18 years and appeals his judgment of conviction to this Court.

Defendant contends that the in-court identification of defendant was tainted and prejudicial and that County Court erred in failing to order a *Wade* hearing with respect to the testimony of Gause, who was permitted to identify defendant's voice at trial from the tape recording of the transaction that

---

* Actually the informant turned two plastic bags of cocaine over to Kennedy. The informant had purchased cocaine from another individual before his transaction with defendant.

was played at trial. Apparently, Gause heard the tape played prior to trial and identified defendant's voice on the tape, but no *Wade* hearing was held with respect to this prior identification of defendant's voice. It is defendant's claim that if these two identifications are suppressed, the remaining trial proof is legally insufficient to support the conviction. Defendant's final claim is that the sentence imposed was unduly harsh and excessive.

We find no error in County Court's decision to allow the informant to make an in-court identification of defendant after the informant's identification of the single photo of defendant had been suppressed at the *Wade* hearing as unduly suggestive. Defendant's claim focuses on the difference between the description the informant gave to Kennedy on March 2, 1989 and the informant's description of defendant at trial. We conclude that the discrepancies were not sufficient to preclude County Court from finding an independent basis for the informant's in-court identification of defendant. The informant testified that he had a good look at defendant in a well-lighted doorway for at least a few minutes. The court's ruling based on this evidence was proper *(see, People v Gross,* 171 AD2d 957; *People v Dixon,* 158 AD2d 467, *lv denied* 76 NY2d 733). In the circumstances of this case, the discrepancies in the informant's descriptions, which were explored by defense counsel at trial, went to the weight of the informant's in-court identification, not its admissibility *(cf., People v Cruz,* 167 AD2d 306, *lv denied* 77 NY2d 959).

The informant further testified that at the time of the "buy" he engaged defendant in conversation about the size of the package in order to record defendant's voice on the wire that the informant was wearing. Despite the lack of a *Wade* hearing, the identification of defendant's voice on the wire by Gause was proper. Gause lived across the street from defendant for 14 years. She was familiar with defendant's voice and had spoken with him on many occasions. Because she knew defendant so well and was able to remember what his voice sounded like, the identification of defendant's voice by the witness was permissible *(see, People v Collins,* 60 NY2d 214). The identification evidence and the other evidence in the case was legally sufficient to support defendant's conviction *(see, People v Bleakley,* 69 NY2d 490).

As to the sentence, we find it to be legal and not unduly harsh or excessive in the circumstances. County Court did not abuse its discretion in imposing the sentence after defendant

was found to be an active seller of cocaine. Accordingly, the judgment of conviction should be affirmed.

Weiss, P. J., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).