■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED FRASCATORE, Appellant. [607 NYS2d 144] —Crew III, J.

Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 10, 1992, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

On this appeal, defendant claims that he was denied his constitutional right to effective assistance of counsel (US Const, 6th, 14th Amends; NY Const, art I, § 6). His argument is premised largely upon the fact that trial counsel employed a nonmeritorious defense at trial and that she displayed a general unfamiliarity with the law regarding the charges pending against defendant.

It appears that defendant was involved in a one-car accident and was unconscious at the time the police officers arrived on the scene. He was thereafter taken to the hospital where a Deputy Sheriff requested the attending physician to withdraw blood for analysis pursuant to the provisions of Vehicle and Traffic Law article 31. Trial counsel moved to suppress evidence of the results of the blood-alcohol analysis on the ground that defendant had not been placed under arrest when submitted to the blood test, relying upon this Court's decision in *People v Almond* (151 AD2d 820, *lv denied* 74 NY2d 804). When County Court summarily denied the motion, trial counsel established a factual record, at trial, demonstrating that no such arrest had taken place, apparently to preserve the issue for appeal. We do not perceive that stratagem to constitute ineffective assistance of counsel.

With regard to the other contentions of appellate counsel concerning trial counsel's deficiencies, some appear to have merit. However, there is no proof that defendant suffered actual prejudice as a result of the claimed deficiencies, which is a necessary prerequisite to a finding of ineffective assistance of counsel *(see, People v Jackson,* 172 AD2d 874, *lv denied* 78 NY2d 923; *People v Sullivan,* 153 AD2d 223, *lv denied* 75 NY2d 925). The evidence against defendant was overwhelming and there is nothing to suggest that the outcome would have been any different if trial counsel had employed any or all of the stratagems suggested by appellate counsel.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.