■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND STACKHOUSE, Appellant. [641 NYS2d 140] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered June 23, 1994 and July 5, 1994, upon a verdict convicting defendant of the crimes of robbery in

the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree and menacing in the second degree.

Defendant's convictions arise out of a September 25, 1993 robbery at an Ultra Power gas station in the Town of Fallsburg, Sullivan County. On that occasion, defendant and codefendant Ricardo Quinones entered the gas station building carrying handguns. While defendant stood just inside the front door, Quinones demanded money of the two gas station attendants, Mohammed Koli and Munawar Hussain. Koli emptied the cash register and gave the money to Quinones. Defendant and Quinones then left the premises, warning the attendants not to follow them. The incident lasted approximately five minutes. Koli identified defendant in a photo array and then in a court-ordered lineup. Following a *Wade* hearing, County Court determined that the identification procedures were not unduly suggestive and that, in any event, there existed an independent basis for Koli's in-court identification of defendant. Convicted after trial of, *inter alia*, robbery in the first degree and sentenced as a second felony offender to concurrent prison terms aggregating $12^1/_2$ to 25 years, defendant now appeals.

We affirm. Initially, we reject the contention that the photographic identification procedure was unduly suggestive because the photograph of defendant showed him wearing "prison garb" imprinted with numerals, while the balance of the photographs exhibited individuals wearing normal "street clothes". The unequivocal testimony of Detective Bart Rasnick, properly credited by County Court in its findings of fact, established that, at the time of the photo array, the photograph of defendant was secured in a folder in such a way that the numerals could not be seen and, as viewed by Koli, there was nothing about defendant's clothes that would draw attention to them. Under the circumstances, defendant failed to meet his burden of proving that the identification procedure was unduly suggestive (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). In any event, we perceive no valid basis for disturbing County Court's determination that there existed an independent basis for an in-court identification (*see, People v Rahming*, 26 NY2d 411, 417). Notably, the testimony showed that Koli, who was already familiar with defendant at the time of the robbery, had an opportunity to view him at close range and under good lighting conditions for a period of approximately five minutes (*see, People v Stacey*, 173 AD2d 960, *lv denied* 79 NY2d 832).

In view of Koli's eyewitness testimony describing the events of September 25, 1993 and identifying defendant as a participant, there is no merit to the contention that the trial evidence was legally insufficient to sustain the verdict or that the verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Nor are we persuaded that County Court abused its sound discretion in denying defendant's request for a mistrial following Koli's inadvertent fleeting reference on cross-examination to a photograph (*see, People v Smith*, 187 AD2d 942, 943; *People v Richardson*, 175 AD2d 143, 144, *lv denied* 79 NY2d 831). Defendant's remaining contentions have been considered and found unavailing.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.