■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO QUINONES, Appellant. [644 NYS2d 365] —Casey, J. ■

The People's case against defendant rests largely upon the identification testimony of Mohammed Koli, who was working as a clerk at a gas station/convenience store when the store was robbed at gunpoint by two men (*see, People v Stackhouse*, 226 AD2d 822). Defendant offers a number of arguments in support of his claim that Koli should not have been permitted to identify defendant at trial because his identification was tainted by suggestive pretrial identification procedures.

Koli was first shown a photo array which included a photo of defendant taken in 1991. Koli was unable to make an identification from the array. About two weeks later, Koli was shown a second array which included a more recent photo of defendant. Koli identified defendant as one of the participants in the robbery. Six days later, Koli picked defendant out of a lineup. At trial, the People were permitted to introduce the photo of defendant from the first array after defense counsel had elicited testimony about Koli's inability to identify defendant from the first array.

Relying upon the general rule that the failure of the police

to preserve a photographic array gives rise to a rebuttable presumption that the array was suggestive (*see, e.g., People v Addison*, 174 AD2d 627, 628, *lv denied* 79 NY2d 824), defendant contends that it was error to admit the photo from the first array because the entire array was not preserved. As it is clear from the record that Koli's identification of defendant was not based on the first array, defendant's argument is meritless.

As a result of defense counsel's elicitation of testimony that Koli was unable to identify defendant from the first array, County Court also permitted the People to introduce evidence concerning the second array. The court based its ruling on the conclusion that the testimony elicited by defense counsel with regard to the first array created a misimpression that Koli was unable to make a photographic identification of defendant. Although defense counsel's questions concerned only the first array, we agree with County Court that the effect of the questions was to "open the door" to evidence concerning the second array to clarify the misimpression (*see, People v Austin*, 152 AD2d 590).

Considering the circumstances of the photo arrays, including the use of different photos of defendant, we see nothing unduly suggestive in the mere fact that Koli was shown two photo arrays (*see, People v Daniels*, 202 AD2d 987). We also reject defendant's argument based upon the fact that during the period between the two photo arrays a man from the Concord Hotel, where defendant was employed, showed Koli two photos of defendant. Koli was not shown the photos as a result of any police-initiated identification procedure (*see, People v Darnell*, 146 AD2d 583, *lv denied* 73 NY2d 976) and, in any event, the circumstances of the showing were not so inherently suggestive as to taint Koli's subsequent identifications of defendant. Even if we were to accept defendant's claims that the pretrial identification procedures were unduly suggestive, the record nevertheless provides sufficient evidence regarding Kolis' opportunity to observe defendant during the robbery to establish an independent basis for Koli's in-court identification (*see, People v Buchanon*, 186 AD2d 864, 866, *lv denied* 81 NY2d 785; *see also, People v Stackhouse*, 226 AD2d 822, *supra*). We have considered defendant's remaining arguments on the identification issue and find them insufficient to merit any discussion.

Defendant's claim that the People failed to prove its case beyond a reasonable doubt is based solely upon defendant's claim that Koli's identification testimony should have been suppressed. Having rejected the latter claim and having reviewed

the record, we also reject the claim based upon the sufficiency and/or weight of the evidence.

We find no merit in defendant's claim that reversal is required due to the People's violation of *Brady* and/or *Rosario* rules (*see, Brady v Maryland*, 373 US 83; *People v Rosario*, 9 NY2d 286). Inasmuch as defendant's brother and the brother's girlfriend were known to defendant and presumably defendant was aware of the exculpatory nature of their statements, having met with them several times after his arrest and having listed them as alibi witnesses, the People's failure to disclose their statements was not a *Brady* violation (*see, People v Medina*, 208 AD2d 974, 975, *lv denied* 84 NY2d 1035). Nor does the record demonstrate the requisite substantial prejudice due to the People's late production of the statement of a prosecution witness (*see, People v Martinez*, 71 NY2d 937, 940). The People elected to call the witness during the trial as a result of a change in strategy. The witness was to be questioned on a very narrow issue, and the trial was adjourned to give defense counsel an opportunity to interview the witness and investigate his statement. It is also clear that defendant had prior access to the witness. Defendant's *Brady* and *Rosario* claims based upon the People's failure to produce the first photo array are meritless. The photo array itself was not exculpatory evidence. Koli's inability to identify defendant from the first array was the exculpatory evidence and defendant clearly was aware of that evidence. We reject defendant's assertion that the photo array was a statement for *Rosario* purposes (*see, People v Wilson*, 210 AD2d 520, 521, *lv denied* 85 NY2d 982).

County Court correctly denied defendant's request for a missing witness charge as to the man at the Concord Hotel (*see, People v Geer*, 213 AD2d 764, *lv denied* 86 NY2d 781). Defendant's claim that he was denied the effective assistance of counsel is patently meritless. There is nothing in the record to demonstrate that defendant received less than meaningful representation (*see, People v Baldi*, 54 NY2d 137). Lastly. we see no basis to disturb the concurrent prison sentences imposed by County Court, the maximum of which is $12^1/_2$ to 25 years.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.