■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO CRUZ, Appellant. [667 NYS2d 135] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 25, 1995, upon a verdict convicting defendant of the crimes of offering a false instrument in the first degree and petit larceny.

In this criminal prosecution for offering a false instrument for filing in the first degree and petit larceny, defendant contends that his conviction, which stems from the submission of a written instrument to the St. Lawrence County Department of Social Services and the receipt of public assistance benefits to which defendant and his spouse, a codefendant, were not entitled, is against the weight of the evidence. We cannot agree. To be sure, defendant presented evidence that directly conflicted with the testimony of the various representatives of the Department of Social Services. This, however, simply presented credibility determinations for resolution by the jury, and we traditionally have accorded deference to the fact finders' opportunity to view the witnesses, hear the testimony and observe demeanor. Bearing that fact in mind, and weighing the relevant probative force of the conflicting testimony and the relevant strength of the varying inferences that may be drawn therefrom, we do not find that the jury failed to give the evidence the weight it should be accorded (*see, People v Kussius*, 238 AD2d 731, 732, *lv denied* 90 NY2d 941).

Insofar as defendant asserts that he was denied effective assistance of counsel for the failure of trial counsel to pursue certain strategies, including the availability of an alleged 30-day grace period during which a public assistance recipient may be employed without affecting his or her aid and exploring the effect of his or her spouse's disability upon the household's eligibility for assistance, we find his arguments to be lacking in merit. Specifically, it is of note that defendant already was employed in another job during the relevant time period, and appellate counsel fails to enlighten us as to how such employment would have affected defendant's ability to avail himself of the 30-day grace period. Similarly, the effect of the codefendant's alleged disability is wholly unexplained. Accordingly, there is no proof that defendant suffered actual prejudice as the result of these claimed deficiencies and, absent such, we can make no finding of ineffective assistance of counsel (*see, People v Frascatore*, 200 AD2d 860, 861). Finally, we find no error in County Court's supplemental charge to the jury.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.