■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARSH, Also Known as SHARP, Appellant. [669 NYS2d 707] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), rendered January 3, 1996 in Schenectady County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts), and (2) by permission, from an order of the County Court of Schenectady County (Tomlinson, J.), entered July 24, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

The charges against defendant arise out of separate sales of crack-cocaine that he made at his apartment at 27 LaFayette Street in the City of Schenectady, Schenectady County, on March 23, 1995 and April 11, 1995. On each occasion, the sales were made to undercover police officer Samuel Mercado, who was accompanied by confidential informant Samuel Williams. At trial, Mercado and Williams each identified defendant as the person who had sold the drugs to Mercado, the jury convicted defendant of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree with regard to each of the sales, and County Court sentenced defendant as a second felony offender to concurrent prison terms of 7 to 14 years. Defendant now appeals the judgment of conviction and, by permission of a Justice of this Court, the denial of his subsequent motion to vacate the judgment of conviction on the basis of alleged ineffective assistance of counsel and a claimed *Rosario* violation.

We affirm. Initially, we are not persuaded that County Court erred in denying defendant's motion to preclude Mercado's in-court identification of defendant on the basis of an impermissible pretrial identification procedure. Regardless of the propriety of Mercado's viewing of a single photograph of defendant, the testimony adduced at the *Wade* hearing provided ample support for County Court's determination that Mercado's observation of defendant during the drug sales provided an independent basis for his in-court identification (*see, People v Stackhouse*, 226 AD2d 822, 823, *lv denied* 88 NY2d 995; *People v Buchanon*, 186 AD2d 864, 866, *lvs denied* 81 NY2d 785, 81 NY2d 882).

Further, in view of Mercado's and Williams' eyewitness testimony, we are unpersuaded that the trial evidence was legally insufficient to sustain the verdict or that the verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Stackhouse, supra*, at 824). In our view, the alleged inconsistencies and discrepancies identified by defendant, which were explored by defense counsel at trial, went to the weight and not the admissibility of the witnesses' in-court identifications (*see, People v Buchanon, supra*, at 866; *People v Cruz*, 167 AD2d 306, *lv denied* 77 NY2d 959).

Also unavailing are the assertions of error concerning County Court's *Sandoval* ruling and *Rosario* violations. First, we conclude that there was no violation of County Court's *Sandoval* order. Originally, County Court restricted the People's inquiry concerning a March 1990 conviction for criminal sale of a controlled substance in the third degree to "the fact that * * *

defendant was convicted of a felony in 1990 without elaboration of the nature of the charge or the underlying facts". However, at trial, defendant gave testimony concerning his drug use but denied that he had ever sold cocaine. Defendant, having "testified in a manner that [was] likely, in the absence of a modification, to mislead the jury with respect to the precluded evidence" (*People v Schwerbel*, 224 AD2d 830, 831; *see, People v Fardan*, 82 NY2d 638, 646; *People v Johnson*, 203 AD2d 588, 589, *lv denied* 83 NY2d 1004; *People v Morgan*, 171 AD2d 698, 699, *lvs denied* 78 NY2d 971), opened the door for detailed questioning concerning his prior conviction for selling cocaine. Under the circumstances, County Court did not abuse its discretion in modifying the original *Sandoval* order so as to authorize that inquiry. As for the alleged *Rosario* violation, we need merely note that the April 19, 1995 police report which is referred to in defendant's brief was prepared by an individual who did not testify at trial and, thus, did not constitute *Rosario* material (*see,* CPL 240.45 [1] [a]).

Defendant's remaining contentions are also lacking in merit. Based upon our review of the record, we conclude that defendant's trial counsel provided meaningful representation (*see, People v Baldi,* 54 NY2d 137, 146). We note in that regard that defendant has failed to make a competent showing that counsel failed to call any witnesses who were likely to have given exculpatory testimony. Finally, in view of defendant's prior criminal history and the fact that County Court was authorized to impose consecutive sentences, we are unpersuaded that the concurrent sentences aggregating 7 to 14 years were by any means harsh or excessive.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.