■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JESSE ARMSTRONG, Respondent. [671 NYS2d 292] —Appeal by the People from an order of the Supreme Court, Queens County (Finnegan, J.), dated September 16, 1997, which granted the defendant's motion pursuant to CPL 440.10 (1) (f) to set aside a jury verdict convicting him of the crime of criminal sale of a controlled substance in the third degree, on the ground that the defendant received ineffective assistance of trial counsel, and granted a new trial.

Ordered that the order is affirmed.

The determination of the trial court was proper (*see, People v Castaneda,* 189 AD2d 890; *People v Miller,* 144 AD2d 867). Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY ATKINSON, Appellant. [670 NYS2d 354] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 23, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was no reasonable view of the evidence to support the theory that he participated in the drug sale "only because he wished to serve as an agent for the buyer, a complete stranger" (*People v Herring,* 83 NY2d 780, 782-783). Accordingly, the trial court did not err in refusing to charge the jury as to the defense of agency (*see, People v Herring, supra*).

The defendant was not prejudiced by the prosecution's delay in disclosing certain *Rosario* material since the defendant had the opportunity to review the challenged material and cross-examine the witness after receiving it (*see, People v Forest,* 78 NY2d 886, 887-888; *People v Boswell,* 193 AD2d 690; *People v Blagrove,* 183 AD2d 837).

The defendant's challenges to certain remarks made by the prosecutor during summation are unpreserved for appellate review (*see, People v Rivera,* 73 NY2d 941, 942, citing *People v Ford,* 69 NY2d 775, 776) or without merit.

The defendant's remaining contentions are without merit. Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.