■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WHITTED, Appellant. [672 NYS2d 528] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered May 19, 1994, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

Defendant's convictions arise out of two separate cocaine sales he made to undercover State Troopers in January 1991. On a prior appeal, we reversed defendant's judgment of conviction and remitted for a new trial (199 AD2d 634). We reject the primary contentions advanced on the present appeal, that defendant was denied his constitutional right to testify at trial and that he was denied effective assistance of counsel by virtue of his counsel's refusal to call four purported alibi witnesses, as neither is supported by the record.

First, based upon our reading of the record, we disagree with defendant's factual averment that his counsel induced a waiver of his right to testify on his own behalf by threatening to withdraw from representing defendant if he insisted upon taking the stand. To the contrary, the record shows that, although defendant and his counsel surely disagreed as to the wisdom of having defendant testify, defendant's counsel clearly indicated his willingness to let defendant make the final decision, stating on the record that he "would be agreeable to * * * putting [defendant] on the stand which is of course his choice".

Second, although the record establishes that defendant's counsel did threaten to withdraw if defendant insisted on calling three identified witnesses (all of whom had been interviewed by counsel), the record provides no indication of those

witnesses' anticipated testimony or defendant's purpose for calling them. Under the circumstances, defendant has failed to satisfy his burden of showing that his counsel's tactics may have affected the outcome of the trial (*see, People v Marsh*, 248 AD2d 743, 745; *People v Frascatore*, 200 AD2d 860, 861; *People v Charlton*, 192 AD2d 757, 760, *lv denied* 81 NY2d 1071). Because such actual prejudice has not been demonstrated, defendant's claim of ineffective assistance of counsel must fail (*see, People v Frascatore, supra; People v Charlton, supra*).

Defendant's remaining contentions, including those raised in his *pro se* brief, have been considered and found to be lacking in merit.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.