■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McDONALD, Appellant. [681 NYS2d 112] —Mercure, J. P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), entered May 12, 1994, upon a verdict convicting defendant of the crime of robbery in the second degree.

On this appeal from defendant's conviction of robbery in the second degree stemming from his 1983* attack upon a gas station attendant working at a Thruway rest stop, defendant contends only that he was denied effective assistance of counsel. We disagree and accordingly affirm.

Initially, we note that defendant's attack on his counsel's failure to pursue an alibi defense is not the proper subject of a direct appeal because it involves matters that are dehors the record (*see*, CPL 440.10; *see also, People v Boyd*, 244 AD2d 497; *People v Bagarozy*, 182 AD2d 565, *lv denied* 80 NY2d 901). Absent factual support, we are forced to speculate concerning the anticipated testimony of defendant's desired witnesses and their likely effectiveness in supporting an alibi defense. In addition, defendant has failed to establish the absence of strategic or other legitimate explanations for counsel's decision not to pursue an alibi defense (*see, People v Stewart*, 248 AD2d 414, *lv denied* 92 NY2d 861; *People v Ahl*, 243 AD2d 985, *lv denied* 91 NY2d 868). In fact, our view of the record indicates that defense counsel made an intentional tactical decision to forego an alibi defense in favor of a claim of misidentification. The fact that counsel's strategy was unsuccessful by no means

---

* Defendant fled after his 1985 trial and was extradited from Oregon in 1993.

renders his assistance ineffective (*see, People v Ryan,* 229 AD2d 623, 625, *affd* 90 NY2d 822).

We are also unpersuaded by defendant's claim that he was denied effective assistance because his counsel failed to make a motion *in limine* to preclude the testimony of a prosecution witness concerning a March 1983 conversation in which defendant told her that he was going to travel upstate before he "got into trouble". Contrary to defendant's contention, the testimony was not more prejudicial than probative, and such a motion would have been unsuccessful if made (*see, People v Whitted,* 250 AD2d 870; *People v Hernandez,* 248 AD2d 149, *lv denied* 91 NY2d 1008; *People v Cruz,* 245 AD2d 963, *lv denied* 91 NY2d 1006). Finally, counsel's failure to give an opening statement does not of itself amount to ineffective assistance (*see, People v Santos,* 160 AD2d 648).

Based upon our review of the record, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147; *People v Brickle,* 244 AD2d 700, *lv denied* 91 NY2d 889). Defense counsel vigorously cross-examined prosecution witnesses concerning their description of the assailant and identification of defendant, made appropriate objections and motions, and gave an effective summation pointing out the weaknesses in the People's case. In light of the totality of counsel's representation, defendant's claim of ineffective assistance of counsel must fail.

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.