■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEN CUMMINGS, Appellant. [703 NYS2d 503] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered October 13, 1998, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of trial counsel because counsel voluntarily introduced information regarding the defendant's prior arrests during the

trial and subsequently rejected the trial court's proposal for a limiting jury instruction. However, the record reveals that counsel introduced the defendant's prior arrests during the cross-examination of one of the arresting officers to further a theory of harassment and police conspiracy against the defendant, noting that the defendant was arrested by the testifying officer on at least four occasions, but was never convicted. The decision to reject the trial court's limiting instruction, which had been tailored by the People, was a trial strategy which, though unsuccessful, did not indicate ineffective assistance of counsel (*see, People v Gatto,* 146 AD2d 643; *see also, People v Baldi,* 54 NY2d 137).

Furthermore, counsel's efforts, including timely objections, his application to preclude a witness that was not on the People's witness list from testifying, his detailed cross-examination of the People's witnesses, and the presentation of a viable defense in a case where the evidence against the defendant was substantial, sufficed to constitute "meaningful representation" (*People v Lockhart,* 167 AD2d 427; *see, People v Baldi, supra*). Ritter, J. P., Altman, Luciano and Feuerstein, JJ., concur.