■ The People of the State of New York, Respondent, v Thomas J. Chisholm III, Appellant. [726 NYS2d 39] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered April 29, 1999, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed. .

During a pre-trial *Sandoval* hearing (*see, People v Sandoval,* 34 NY2d 371), the court ruled that the prosecutor could not cross-examine the defendant about a 1994 conviction of attempted criminal sale of a controlled substance in the third degree, except to ask if he had been convicted of a felony that year. However, the court warned the defendant that if he "opened the door," the People could ask him about the nature of the conviction.

When the defendant took the stand and asserted an agency defense, he opened the door to this evidence (*see, People v Calvano,* 30 NY2d 199; *People v Rodriguez,* 193 AD2d 705; *People v Portalatin,* 126 AD2d 577; *see also, People v Sanchez,* 213 AD2d 566; *People v Castaneda,* 173 AD2d 349). In addition, the defendant asserted on cross-examination that he did not "have the heart to deal" drugs, but was merely a user of drugs. By this deliberate attempt to mislead the jury, the defendant put in issue whether or not he was disposed to sell drugs (*see, People v Fardan,* 82 NY2d 638; *see also, People v Rodriguez,* 85 NY2d 586; *People v Johnson,* 203 AD2d 588; *People v Centeno,* 249 AD2d 151; *People v Marsh,* 248 AD2d 743; *People v Delancey,* 173 AD2d 838; *People v Santiago,* 169 AD2d 557). Under the circumstances, the court properly modified its *Sandoval* ruling. The court also correctly instructed the jury that proof of other crimes could be considered only in assessing the defendant's credibility, and not in deciding whether he had committed the crimes charged (*see, People v Leggett,* 221 AD2d 371).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.