■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL SCOTT, Appellant. [727 NYS2d 442] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered January 9, 1997, convicting him of attempted murder in the second degree, robbery in the first

degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel because counsel elicited testimony to the effect that the defendant was known to be involved in criminal activity, and failed to request an alibi charge to the jury. However, the record reveals that counsel elicited the testimony of police suspicions of the defendant in order to further a theory that the complainant named the defendant as her assailant only after he was suggested to her by the police. The decision not to request an alibi charge was reasonable in view of the weakness of the defendant's alleged alibi, which consisted solely of his own testimony that he was alone at home at the time of the crime.

Counsel's trial strategy, though unsuccessful, did not constitute ineffective assistance of counsel (*see, People v Benevento,* 91 NY2d 708, 712; *People v Flores,* 84 NY2d 184, 186; *People v Baldi,* 54 NY2d 137, 146). Counsel's efforts, including timely objections, detailed cross-examination of the People's witnesses, and the presentation of a viable defense in a case where the evidence against the defendant was substantial, constituted "meaningful representation" (*People v Cummings,* 269 AD2d 541, 542; *see, People v Baldi, supra; People v Sullivan,* 153 AD2d 223, 227). Santucci, J. P., Altman, Florio and Adams, JJ., concur.