▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MASCORRO, Appellant. [727 NYS2d 446] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 23, 1998, convicting him of sexual abuse in the first degree, rape in the first degree, and incest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly excluded him from the hearing pursuant to CPL 60.20 to determine the testimonial capacity of his nine-year-old daughter, whom he was accused of raping and sexually abusing (see, People v Morales, 80 NY2d 450). A hearing to determine testimonial capacity does not address factual matters about which the defendant has a unique knowledge that would advance his defense, counter the prosecution, or involve evidence (see, People v Morales, supra). Accordingly, it is not a material stage of the trial at which the defendant has a right to be present (see, People v Roman, 88 NY2d 18, 25; People v Dokes, 79 NY2d 656; People v DePallo, 275 AD2d 60, 64).

The totality of the circumstances indicate that the defense counsel provided effective assistance (see, People v Baldi, 54 NY2d 137; People v Cummings, 269 AD2d 541). Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.