■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McVEY, Appellant. [734 NYS2d 203] —Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered July 13, 2000, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel because his counsel failed to request that the court charge the jury on the agency defense. However, contrary to the defendant's contention, no reasonable view of the evidence would support a conclusion that the defendant agreed to participate in this crime only because he wished to serve as an agent for the undercover police officer (*see, People v Ortiz,* 76 NY2d 446; *People v Argibay,* 45 NY2d 45, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v*

*Roche,* 45 NY2d 78, *cert denied* 439 US 958; *People v Herring,* 83 NY2d 780; *People v Atkinson,* 249 AD2d 317; *People v Williams,* 175 AD2d 273; *cf., People v Greene,* 173 AD2d 638).

At the *Sandoval* hearing (*see, People v Sandoval,* 34 NY2d 371), the defense counsel expressed concern that if the defendant asserted an agency defense, the People would seek to question the defendant about the underlying facts of a prior conviction of criminal sale of a controlled substance in the fourth degree as evidence of intent to sell drugs. Faced with the possibility that the defendant's prior drug-related conviction would negate an agency defense (*see, People v Alvino,* 71 NY2d 233; *People v Chisholm,* 282 AD2d 470; *People v Portalatin,* 126 AD2d 577; *People v Monahan,* 114 AD2d 380), and the overwhelming evidence against the defendant, including a videotape of the transaction, it was reasonable for the defense counsel to choose not to pursue an agency defense. The defense counsel chose, instead, to challenge the People's direct proof of intent, which was a legitimate trial strategy (*see, People v Scott,* 283 AD2d 525, *lv denied* 96 NY2d 907; *People v Baston,* 181 AD2d 786; *People v Serrano,* 163 AD2d 66, *supra*; *People v Santos,* 160 AD2d 648). Ineffective assistance of counsel may not be premised upon unsuccessful trial strategy by the defense counsel (*see, People v Benevento,* 91 NY2d 708, 712; *People v Baldi,* 54 NY2d 137, 147). Under the circumstances of this case, we find that the defense counsel provided meaningful representation. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.