■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PALACIOS, Appellant. [743 NYS2d 302] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 24, 1999, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he received the effective assistance of counsel. In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (*see People v Baldi,* 54 NY2d 137, 147). The defendant's disagreement with the strategies and tactics employed by the defense counsel does not amount to a deprivation of effective assistance of counsel (*see People v Baldi, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly imposed sentence consecutively since the crimes committed were based on separate and distinct acts.

Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PERRY, Appellant. [743 NYS2d 303] —Appeal by the defendant from an order of the Supreme Court, Richmond County (Sangiorio, J.), dated October 31, 2000, which, without a hearing, denied his motion pursuant to CPL 440.30 (1-a) for forensic DNA testing on certain evidence recovered by the police.

Ordered that the order is affirmed.

Under the circumstances of this case, the Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.30 (1-a) for forensic DNA testing on certain evidence recovered by the police. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.