■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMESH RAMKISSOON, Appellant. [829 NYS2d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered August 17, 2004, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he received ineffective assistance of counsel is without merit. The defendant failed to demonstrate that his counsel's request for a circumstantial evidence charge lacked a strategic or other legitimate explanation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). Contrary to the defendant's further contention, he did not receive ineffective assistance of counsel by virtue of counsel's decision to request a duress charge on some of the counts, but not all of them. Defense counsel only requested the duress charge for those counts involving events which occurred after the defendant arrived at Flushing Meadow Park. Defense counsel argued that once the defendant arrived at the park, a man pointed a gun at the defendant and forced him to move the complainant's property into the vehicle driven by the defendant. By contrast, defense counsel argued that the defendant was not involved in the events which occurred prior to the defendant's arrival at the park, namely, the abduction of the complainant and the theft of the complainant's vehicle. Thus, it would have been inconsistent with defense counsel's theory of the case to request a duress charge for those counts dealing with events prior to the defendant's arrival at the park. While a defendant is entitled to present inconsistent defenses (*see People v Bradley*, 88 NY2d 901, 904 [1996]; *People v Padgett*, 60 NY2d 142, 146 [1983]), counsel's choice not to do so here was part of a reasonable and legitimate strategy. Indeed, this strategy was partially successful as evidenced by the defendant's acquittal of the three counts involving the abduction of the complainant and the theft of the car for which he did not receive a duress charge. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.