█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVY LASSITER, JR., Appellant. [843 NYS2d 448]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered May 6, 2003, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, reckless endangerment in the second degree, and passing a steady red light (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. In order to establish a prima facie case of discrimination in the selection of jurors under *Batson*, a defendant must show that the exercise of peremptory challenges by the prosecution removes one or more members of a cognizable racial group from the venire and that facts and other relevant circumstances support a finding that the use of these peremptory challenges excludes potential jurors because of their race (*see People v Brown*, 97 NY2d 500, 507 [2002]). The mere fact that the prosecutor exercised 5 out of 10 peremptory challenges against white women was insufficient to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination, and the defendant failed to

recite facts or circumstances sufficient to establish the requisite pattern of discrimination (see *People v Brown*, 97 NY2d at 507; *People v Fryar*, 29 AD3d 919, 920 [2006]; *People v Chowdhury*, 22 AD3d 596 [2005]; *People v Kennerly*, 20 AD3d 491 [2005]).

Contrary to the defendant's contention, he was provided with meaningful representation of counsel (see *People v Benevento*, 91 NY2d 708 [1998]; *People v Georgiou*, 38 AD3d 155 [2007], *lv denied* 9 NY3d 844 [2007]). The defense counsel was vigorous in his representation of the defendant, pursuing the defense that although large-scale narcotics transactions had taken place, the defendant was not a party to the transactions and was arrested solely because the defendant was familiar to certain law enforcement authorities. The defense counsel also sought to establish that the confidential informant who assisted in the investigation of the defendant was not credible. "The defendant's disagreement with the strategies and tactics employed by the defense counsel does not amount to a deprivation of effective assistance of counsel" (*People v Palacios*, 295 AD2d 452, 452 [2002]; see *People v Ramkissoon*, 36 AD3d 834, 835 [2007]), particularly where, as here, the defense counsel was faced with overwhelming evidence against his client (see *People v McVey*, 289 AD2d 260 [2001]; *People v Sullivan*, 153 AD2d 223, 227 [1990]).

The defendant's claim that defense counsel provided ineffective assistance because defense counsel was under investigation by law enforcement authorities during his representation of the defendant is based on matter dehors the record which cannot be reviewed on direct appeal (see *People v Hernandez*, 40 AD3d 777 [2007]; *People v Edwards*, 28 AD3d 491, 492 [2006]).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Goldstein and Dillon, JJ., concur.