People v Shepard (2019 NY Slip Op 02727)





People v Shepard


2019 NY Slip Op 02727


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-03292
 (Ind. No. 5273/12)

[*1]The People of the State of New York, respondent,
v
Michael Shepard, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Marie John-Drigo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered March 10, 2014, convicting him of assault in the first degree, burglary in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was provided with effective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Georgiou, 38 AD3d 155). Defense counsel was vigorous in his representation of the defendant, seeking to establish that the complainant, who allegedly owed money to the defendant, was not credible and had been motivated to fabricate his testimony against the defendant. Counsel's decisions to introduce testimony pertaining to benefits received by the complainant from the District Attorney's Office, to refrain from objecting to the admission of certain testimony, and to decline to call attention to a missing witness who could have provided evidence corroborating the complainant's testimony, were consistent with the defense strategy. "The defendant's disagreement with the strategies and tactics employed by the defense counsel does not amount to a deprivation of effective assistance of counsel" (People v Palacios, 295 AD2d 452; see People v Ramkissoon, 36 AD3d 834, 835), particularly where, as here, counsel was faced with overwhelming evidence against his client (see People v McVey, 289 AD2d 260).
Furthermore, defense counsel's failure to object to certain summation remarks of the prosecutor, or to the prosecutor's use of PowerPoint slides as visual aids during summation, did not constitute ineffective assistance of counsel. The majority of the challenged comments and slides were within the broad bounds of rhetorical comment permissible in closing arguments, constituted a fair response to arguments made by defense counsel in summation, or constituted fair comment on the evidence (see People v Baez, 137 AD3d 805, 805-806). To the extent that some of the comments were improper, the failures to object were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (see People v Stevenson, 129 AD3d 998, 999).
The defendant's challenge to the Supreme Court's Sandoval ruling (see People v [*2]Sandoval, 34 NY2d 371) is without merit. The defendant's past crimes were relevant to the issue of credibility because they demonstrated his willingness to deliberately further his self-interest at the expense of society (see People v Seymour, 77 AD3d 976, 979; People v Diaz, 50 AD3d 919). Moreover, the prosecutor was not permitted to inquire about the underlying facts of those prior crimes (see People v Seymour, 77 AD3d at 979). Under these circumstances, the court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant. The defendant failed to sustain his burden of "demonstrating that the prejudicial effect of the evidence of his prior convictions so outweighed its probative worth that its exclusion was warranted" (People v Myron, 28 AD3d 681, 683).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court