■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BARGERSTOCK, Appellant. [596 NYS2d 611] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that he was denied a speedy trial pursuant to CPL 30.30. The People declared their readiness for trial on several occasions before the expiration of the statutory time period. The fact that the laboratory results of the rape kit were not available until after expiration of the statutory period does not require a finding that the People were not ready to proceed (see, People v Kendzia, 64 NY2d 331, 337). At the time they first announced their readiness for trial, the People were prepared to present a prima facie case without the forensic results. There is similarly no merit to defendant's contention that his speedy trial rights under CPL 30.20 were violated. We have considered the factors identified in People v Taranovich (37 NY2d 442), particularly whether the defense was impaired by reason of the delay, and conclude that defendant's speedy trial rights were not violated. Defendant also contends that the court erred by failing to submit to the jury the lesser included offense of sexual misconduct. We disagree. The testimony of the victim was undisputed that defendant choked, struck and threatened to kill her. In light of that testimony, there is no reasonable view of the evidence that would support a finding that, "while defendant did commit the lesser offense, he did not commit the greater" (People v Glover, 57 NY2d 61, 64). With regard to defendant's absence during the questioning of three prospective jurors by the court, we note that the rule enunciated in People v Antommarchi (80 NY2d 247, rearg denied 81 NY2d 759) is not to be applied retroactively (see, People v Mitchell, 80 NY2d 519).

Defendant did not request a charge on the effect of intoxication and thus has failed to preserve that issue for our review (CPL 470.05) and we decline to consider it in the interest of justice. We have considered defendant's other argument and find it to be without merit. (Appeal from Judgment of Chau-

tauqua County Court, Adams, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.