■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WHITTED, Appellant. [603 NYS2d 929] —White, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered April 15, 1992, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

In the early morning hours of January 19, 1991, Allen Bruce met defendant in a bar in the City of Schenectady, Schenectady County. They had several drinks and then proceeded to another bar where they met Jack Davis. The three men sat at a table drinking until closing time when they entered Bruce's car and drove to a convenience store. While Davis was in the store, defendant told Bruce he was going to take his car and a struggle ensued. Defendant overpowered Bruce and, when Davis came out of the store, he and Davis drove off only to be apprehended by the police a short time later. Defendant was taken to the police station where he was identified by Bruce.

Although this station house identification was suppressed as being unduly suggestive, County Court permitted an in-court identification of defendant by Bruce. It did not err in doing so because the evidence at the suppression hearing that Bruce and defendant spent several hours together prior to the crime supports its finding that Bruce had an independent source for

his in-court identification of defendant *(see, People v Riley,* 70 NY2d 523; *People v Buchanon,* 186 AD2d 864, *lv denied* 81 NY2d 785; *People v Gross,* 171 AD2d 957).

Assuming that County Court should have given the accomplice-corroboration charge as defendant contends, its failure to do so was harmless error because Davis was not an accomplice as a matter of law and the other evidence is overwhelmingly indicative of defendant's guilt *(see, People v Leon,* 121 AD2d 1, *lv denied* 69 NY2d 830; *People v Pepper,* 89 AD2d 714, *affd* 59 NY2d 353).

We have not considered defendant's final argument that County Court erred in its supplemental jury instruction because this issue was not preserved for appellate review *(see, People v Longo,* 182 AD2d 1019, *lv denied* 80 NY2d 906).

Yesawich Jr., J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.