(July 24, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE CAREY, Appellant. [660 NYS2d 886] —Mikoll, J. P. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 30, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (six counts), criminal possession of a controlled substance in the third degree (eight counts), criminal possession of a controlled substance in the seventh degree (six counts) and criminally using drug paraphernalia in the second degree (three counts).

Defendant challenges his conviction for the sale and posses-

sion of drugs and use of drug paraphernalia on 23 counts of an indictment. He contends, *inter alia*, that County Court committed reversible error in its failure to give an accomplice charge as to a witness; that the evidence was legally insufficient and defendant's conviction was against the weight of the evidence; that the court erred in refusing to dismiss the entire indictment as defective; that the District Attorney prejudicially interfered with the Grand Jury; that defendant was not afforded a speedy trial; and that the sentence imposed was excessive.

The charges were based in part on six separate drug sales of cocaine made by defendant to a wired police informant, Michael Bies, from a second floor apartment located at 543 Schenectady Street in the City of Schenectady, Schenectady County. After witnessing the sixth buy on June 8, 1991, the police obtained a warrant authorizing them to enter and search the apartment. Upon its execution, the police seized 20.3 grams of cocaine and a variety of drug paraphernalia. Lisa Alexander was found in the apartment and later released. Defendant was apprehended in the early hours of June 9, 1991 as he attempted to leave Alexander's keys in her mailbox. Defendant was convicted of six counts of criminal sale of a controlled substance in the third degree, eight counts of criminal possession of a controlled substance in the third degree, six counts of criminal possession of a controlled substance in the seventh degree and three counts of criminally using drug paraphernalia in the second degree.

Addressing defendant's arguments *ad seriatim*, we note that defendant failed to preserve for appeal County Court's failure to give an accomplice charge with regard to Alexander, who was found in the apartment alone when the warrant was executed. Defendant neither requested an accomplice charge nor objected to the court's failure to give one during the trial. Thus, the issue is not preserved for our review (*see*, CPL 470.05 [2]; *see also, People v Velasquez*, 76 NY2d 905, 908). Although the question of Alexander's status as an accomplice was factual and should have been submitted to the jury, were we to address the question we would nonetheless find the error harmless in light of the overwhelming independent evidence of defendant's guilt (*see, People v Dennis*, 210 AD2d 803, 804, *lv denied* 85 NY2d 937; *People v Whitted*, 198 AD2d 616, 617, *lv denied* 83 NY2d 812).

The evidence disclosed that defendant, using the alias "David Johnston", approached the owner of 543 Schenectady Street to rent an apartment, allegedly for his sister. Defendant paid

the rent in cash. He was seen by the owner coming and going from the apartment, but his sister was not seen after signing the lease. A tenant, who also managed the building, identified defendant to be David Johnston and testified that he saw him at the apartment on several occasions. Defendant ordered and paid cash for furniture which was delivered to the apartment. Defendant had a key and brought Alexander to the apartment, showed her cocaine and demonstrated how to fold paper into containers for dispensing drugs. During the time Alexander was there, two women came to the apartment and defendant apparently gave them packets containing cocaine. He also gave Alexander and Michael Clark cocaine to wrap. Finally, 20.3 grams of cocaine were found in the apartment when the warrant was executed.

There was also evidence connecting defendant to the sale of drugs from the apartment. The jury heard conversations between defendant and Bies which were recorded during some of the drug sales. Testimony by witness Michael Boyer indicated that defendant had sold him drugs out of the apartment. Defendant was photographed by a bank security system attempting to cash the check which Boyer had used to pay for the drugs. Boyer also testified regarding defendant's plan to sell drugs from the apartment and defendant's invitation for him to join the scheme. The evidence at trial clearly tended to connect defendant with the crimes and was sufficient to corroborate Alexander's testimony (*see, People v Henry*, 222 AD2d 932, 935, *lv denied* 88 NY2d 848).

Addressing defendant's contention that his conviction must be dismissed for lack of legal sufficiency, we note that in reviewing the issue, this Court must review the evidence in a light most favorable to the prosecution (*see, People v Harper*, 75 NY2d 313, 316-317) "[to] determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Applying this standard, we conclude that the evidence established that defendant was in actual possession and exercised dominion and control over the drugs by controlling the area where the contraband was found. Thus, the record was legally sufficient to support defendant's conviction. We also conclude that the verdict was not against the weight of evidence (*see, People v Klein*, 221 AD2d 803, 805, *lv denied* 87 NY2d 975).

Defendant also contends that County Court erred in failing

to dismiss the indictment as defective under CPL 210.35 (5). Defendant argues that the Grand Jury was given an affidavit from Clark, which contained hearsay, and that the District Attorney's failure to advise the Grand Jury that the affidavit was hearsay impaired the integrity of the proceeding. The affidavit was presented as Clark's admission of guilt. The Grand Jury was requested to indict Clark as well. In any event, dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the Grand Jury. The error here is not of such magnitude. Although Clark's affidavit was hearsay vis-à-vis this defendant, the resulting indictment was not dependent on this document but was based on sufficient sworn testimony from other witnesses which adequately supported the indictment against defendant.

Defendant next contends that a grand juror was prevented from asking questions and that the District Attorney's responses to the grand juror's questions were improper and prejudicial to defendant. The minutes of the Grand Jury indicate that the grand juror was not foreclosed from asking questions. Further, the District Attorney's responses were appropriate. Defendant suggests that the District Attorney prevented an inquiry into exculpatory evidence. We disagree. An explanation of the reason for the timing in executing the warrant did not involve exculpatory matter, nor was it relevant to the exercise of the Grand Jury's function (*see, People v Smith,* 182 AD2d 725, 727, *lv denied* 80 NY2d 896). The question posed was ultimately answered by another witness, who testified that the warrant expired at 9:00 P.M. and, therefore, the police could not await defendant's return to the apartment any longer. Thus, the police proceeded to execute the warrant at 8:55 P.M.

Defendant's other challenges to the indictment are rejected in that defendant is precluded from challenging the sufficiency of the evidence before the Grand Jury after being convicted at trial upon legally sufficient evidence (*see, People v Schulze,* 224 AD2d 729, *lv denied* 88 NY2d 853).

Defendant also challenges County Court's denial of his speedy trial motion pursuant to CPL 30.30 (1) (a) (*see, People v England,* 84 NY2d 1, 3). The prosecution must be ready for trial within six months after a felony case has been commenced against a defendant pursuant to the statute. Defendant argues that the prosecution's announcement of readiness was belied by the fact that the People were not ready for trial. Specifically, it is alleged that drug laboratory tests were not available

when the People moved the case "ready". Defendant was indicted on June 27, 1991 and arraigned on July 10, 1991, at which time the People noted that they were ready for trial. On July 23, 1991, at a subsequent proceeding, the People again declared themselves ready for trial. At that time, the laboratory tests were completed as to the six controlled buys made from defendant. The prosecution, while awaiting laboratory reports on the drugs found in the apartment, possessed the officer's field test results and had testimony available which identified the contraband as cocaine. Under the circumstances, the court properly denied defendant's speedy trial motion.

Finally, defendant contends that his sentence is harsh and excessive. Defendant was sentenced to an aggregate prison term of 17½ to 35 years which was reduced by operation of law (see, Penal Law § 70.30 [1] [e] [i]) to 15 to 30 years. In imposing this sentence, the County Court noted that defendant was a second felony offender and that the trial evidence indicated that he was heavily involved in the sale and distribution of narcotic drugs. We find no abuse of discretion or extraordinary circumstances warranting modification.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.