OPINION OF THE COURT
Dan Lamont, J.
The one-count sealed indictment, dated and filed February 14, 2001, charges the defendant with criminal sale of a controlled substance in the third degree in violation of Penal Law § 220.39 (1), a class B felony. The charge is that on or about January 10, 2001, at approximately 6:14 p.m., at 188 Colonie *472 Street, City of Albany, County of Albany, the defendant George Blunt did knowingly and unlawfully sell the narcotic drug cocaine to another person.
A superior court warrant of arrest was issued on February 14, 2001, and the defendant was arrested on February 21, 2001, and brought before the court. The defendant’s arraignment with legal counsel was completed on February 22, 2001. The People stated their readiness for trial on February 22, 2001 at the arraignment.
Sometime during the month of July 2001, the case was scheduled for trial on Monday, September 24, 2001 as a date certain. A Sandoval hearing was conducted on September 20, 2001.
Just prior to jury selection on September 24, 2001, the court was advised that the defendant who had timely made a CPL 240.20 discovery demand had not received any laboratory report of any formal scientific laboratory analysis of the substance allegedly sold by the defendant. The People indicated that the laboratory analysis would be performed by the New York State Police lab on that date — September 24, 2001, and that the laboratory report would be available to the defendant prior to opening statements on September 25, 2001.
The defendant thereupon made an oral motion pursuant to CPL 30.30 on the record in open court that the court enter an order dismissing the indictment upon the ground that the People were not ready for trial within six months of the commencement of the criminal action against the defendant. For the reasons which follow, this court holds and determines that the People’s prior statements of readiness were illusory; that the People were not in fact ready for trial within six months from the date of commencement of the criminal action; and that the indictment must be and the same is hereby dismissed.
Discussion
The Court of Appeals has held that a field test constitutes legally permissible evidence before a Grand Jury to sustain an indictment (see, People v Swamp, 84 NY2d 725 [1995]). However, the Court of Appeals in Swamp stated the following:
“Although uncontradicted results of a field test may provide legally sufficient evidence of presence of a controlled substance, meeting the threshold standard of sufficiency is not the same as proving guilt beyond a reasonable doubt at trial (People v Mayo, 36 NY2d, at 1004). Under the statutory scheme, in *473 a felony drug prosecution, CPL 715.50 requires a formal laboratory analysis within 45 days of receipt of the drugs. By the time trial commences, more definitive results will be made available to the defendant * * * Where possession of felony-weight drugs is alleged, therefore, the law requires that, prior to trial — where the People will attempt to prove guilt beyond a reasonable doubt — more than a field test be conducted * * *
“Proof beyond a reasonable doubt was not required at this stage. Contrary to the warning of the dissent, therefore, we do not hold that a defendant may be proven guilty beyond a reasonable doubt based solely on the results of a NIK field test” (id. at 732-733 [emphasis supplied]).
This court holds and determines that the People cannot validly declare their readiness for trial without a scientific evaluation and formal laboratory analysis and report establishing that the substance allegedly sold by the defendant was a narcotic drug. Readiness means the ability to proceed immediately to trial and present a prima facie case (People v Kendzia, 64 NY2d 331 [1985]; see also, People v Hargro, 144 AD2d 971 [4th Dept 1988]; People v Greenwaldt, 103 AD2d 933 [3d Dept 1984]). This court holds and determines that the People cannot present a prima facie case at trial without expert testimony showing that the substance allegedly sold by the defendant was a narcotic drug (see, People v Kenny, 30 NY2d 154 [1972]). This court further holds and determines that a Scott-Reagent field test (NIK test) indicating the presence of cocaine in the powder allegedly sold by the defendant is not legally sufficient evidence to withstand a motion for a trial order of dismissal at the conclusion of the People’s case (see, CPL 290.10 [1]; People v Swamp, supra; see also, People v Kenny, supra; People v Branton, 67 AD2d 664 [2d Dept 1979]; People v Miller, 57 AD2d 668 [3d Dept 1977]). From the date when the defendant was arraigned on February 22, 2001, until September 24, 2001, the date scheduled for jury selection, constitutes a time period of 214 days — a period well in excess of six months. Accordingly, this court holds and determines that the People were not ready for trial within six months from February 22, 2001; that the People have never been ready for trial; that readiness means the ability to proceed immediately to trial and present a legally sufficient prima facie case; and that the defendant’s motion pursuant to CPL 30.30 for an order dismiss *474 ing the pending indictment against him should be and the same is hereby granted, and the indictment is hereby dismissed.