OPINION OF THE COURT
Polly A. Hoye, J.
This matter comes before me on the People’s motion to reargue. The People’s moving papers were filed on September 26, 2002. The defendant’s papers in opposition were filed on October 9, 2002. Oral argument was had before me on October 23, 2002. Due deliberation having been had thereon I now make this decision and order separately stating my findings of fact and conclusions of law.
Findings of Fact
On February 22, 2002 the defendant was arrested and charged with felony criminal possession of a controlled substance. He was initially arraigned the next day. On Febru *336 ary 25, 2002 in an appearance in City Court the People served the defendant with a notice of readiness for trial. On March 12, 2002 the defendant was indicted and charged with two counts of criminal possession of a controlled substance in the third degree. The defendant was arraigned on this indictment on March 15, 2002, and the People again stated their readiness for trial.
On August 15, 2002 this court scheduled trial for a day certain of September 9, 2002. Because of a shortage of jurors the day of trial was postponed one day to September 10, 2002. On September 10, 2002 the People advised the court and the defendant’s attorney that they did not yet have a laboratory analysis from the New York State Police. There was no further proffer of proof regarding the substances seized other than a NIK field test and the observations of the arresting officers. Neither was there any question of the substances being lost or unavailable. A recess was taken to allow the parties and the court an opportunity to research the speedy trial issues raised by this disclosure. Upon return to the courtroom the People reported that the seized substances were at the New York State Police Laboratory but the People still had not ordered drug testing on the substances. The People indicated that the drug testing could be completed in a “couple of days” and that the test results and analysis would be offered at trial before the People rested. Shortly thereafter, on the same day, the defendant made an oral motion to dismiss the within prosecution. The court advised both attorneys that this sort of motion should be in writing, but that it would be entertained if they would both consent. The Assistant District Attorney assigned to this case indicated that he would be willing to proceed with what he had in hand, which this court took to be a waiver of the People’s right to insist upon a written motion to dismiss.
Thereafter this court ruled from the bench that the within case should be dismissed pursuant to CPL 30.30. I found that the People could not have been ready for trial, especially with regard to the second count of the indictment which charges the defendant with possession of one eighth of an ounce or more of a narcotic substance, without a laboratory report that accurately identified and measured the amount of the substances seized from the defendant.
The People now move to reargue, claiming, essentially, that the right to insist on a written motion to dismiss either cannot be waived or was not waived. No authority is cited for this proposition; nonetheless I have permitted reargument because *337 of the gravity of the issues and. the surprising lack of decisional authority on those issues.
Conclusions of Law
In addition to announcing their readiness for trial, the People must actually be ready. (People v Kendzia, 64 NY2d 331 [1985].)
The defendant cites People v Blunt (189 Misc 2d 471 [Sup Ct, Albany County 2001]) as persuasive authority. The factual setting of that case is essentially identical to the instant case. There the defendant was indicted for criminal sale of a controlled substance in the third degree. On February 22, 2001 he was arraigned and the People declared themselves ready for trial. A day certain of September 24, 2001 was set and at that time the People informed the defendant and the court that they had no formal scientific laboratory report of the substances seized from the defendant. The People argued, as they do in this case, that the field test conducted by experienced police officers was sufficient to make a prima facie case and support their declaration of readiness.
The court in Blunt (at 476) held that “the People cannot validly declare their readiness for trial without a scientific evaluation and formal laboratory analysis and report establishing that the substance allegedly sold by the defendant was a narcotic drug. Readiness means the ability to proceed immediately to trial and present a prima facie case * * * This court holds and determines that the People cannot present a prima facie case at trial without expert testimony showing that the substance allegedly sold by the defendant was a narcotic drug * * * This court further holds and determines that a Scott-Reagent field test (NIK test) indicating the presence of cocaine in the powder allegedly sold by the defendant is not legally sufficient evidence to withstand a motion for a trial order of dismissal at the conclusion of the People’s case * * * Accordingly, this court holds and determines that the People were not ready for trial within six months from February 22, 2001; that the People have never been ready for trial * * * .” (Citations omitted.)
The People cite as persuasive authority People v McIntyre (185 Misc 2d 58 [City Ct, Bronx County 2000]). That case involved the question of whether or not a misdemeanor complaint could validly be converted to an information based on the results of a NIK field test. The court found a dearth of decisional law on the issue. Citing many of the same cases as *338 the court in Blunt, the court noted that the NIK field test has been held to be sufficient to support an indictment (People v Swamp, 84 NY2d 725 [1995]), and to support a prima facie case in a juvenile delinquency proceeding (Matter of Angel A., 92 NY2d 430 [1998]). The court reasoned that the standard in a juvenile delinquency proceeding is the same as the standard in determining the sufficiency of a misdemeanor complaint. Accordingly, it was bound by the decision in Matter of Angel A. to determine that the field test was sufficient to sustain a misdemeanor complaint at the accusatory stage.
What the People, in essence, contend is that they are deemed ready if they can present a prima facie case to the “reasonable cause” quantum of proof providing they can prove a case beyond a reasonable doubt by the time they rest. The defendant contends that the People must be able to present a prima facie case to the “beyond a reasonable doubt” quantum of proof to be deemed ready. Clearly the NIK field test does reach the “reasonable cause” standard but not the “beyond a reasonable doubt” standard (People v Swamp, 84 NY2d 725, 732 [1995]).
Decisional authority is not clear on this issue. The cases cited by the People are ones that involve a determination of the sufficiency of an accusatory instrument. The strongest indication this court can find is the following dicta from People v Swamp (84 NY2d 725, 732): “Where possession of felony-weight drugs is alleged, therefore, the law requires that, prior to trial — where the People will attempt to prove guilt beyond a reasonable doubt — more than a field test be conducted.” (Emphasis supplied.)
While only the second count concerns the weight of the drugs in question, failure to be ready for one part of a trial is failure to be ready for the trial, unless the People move or otherwise act to sever the counts (People v Quiles, 179 Misc 2d 59 [1998]).
In People v Carey (241 AD2d 748 [3d Dept 1997]), the Court found that the People’s declaration of readiness was not invalidated by the fact that some of the laboratory test results were not available at the time the People declared readiness for trial. The Court noted that test results were available to the People with regard to some of the evidence at the time of the declaration of readiness, and that field test results were available for the remaining evidence. It is not clear, however, what the ruling would have been had no laboratory test results been available at the time that the People declared readiness, or within the six-month period following arraignment.
In the matter before me no laboratory test was conducted on any of the evidence within the six-month speedy trial period. I *339 conclude from this that the People were not ready for trial at any time in this period and that despite their declaration of readiness they were not actually ready to proceed with trial. At the same time I decline to adopt the broad holding of People v Blunt (supra). Instead, it is the holding and determination of this court that because no laboratory test results were available within six months after the commencement of the criminal action, and the People have failed to show that any part of this period is excludable, this case should be dismissed under CPL 30.30.