OPINION OF THE COURT
Patrick J. McGrath, J.
The above-named defendant stands charged with the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), in violation of section 220.39 (1) and section 220.16 (1) of the Penal Law.
*951 Defendant has filed a motion to dismiss pursuant to CPL 30.30. The People assert that the field test and police officer testimony in this case is legally sufficient and the legal authority cited by the defendant is not binding on this court and should not be followed.
Defendant claims that any statement of readiness by the People was illusory since the People were not actually ready for trial since they did not have in their possession or provide the defense with a copy of the laboratory analysis report concerning the alleged drugs. In support of his argument the defendant cites People v Blunt (189 Misc 2d 471 [Sup Ct, Albany County 2001]). In Blunt the court held that the People’s statement of readiness for trial in the prosecution for criminal sale of a controlled substance was illusory since they had not yet obtained a scientific laboratory analysis of the drugs. It also held that the People cannot present a prima facie case at trial without expert testimony showing that the substance allegedly sold by the defendant was a narcotic drug, citing People v Kenny (30 NY2d 154 [1972]). It further held “that a Scott-Reagent field test (NIK test) indicating the presence of cocaine in the powder allegedly sold by the defendant is not legally sufficient evidence to withstand a motion for a trial order of dismissal at the conclusion of the People’s case (see, CPL 290.10 [1]; People v Swamp, [84 NY2d 725]; see also, People v Kenny, supra; People v Branton, 67 AD2d 664 [2d Dept 1979]; People v Miller, 57 AD2d 668 [3d Dept 1977])” (at 473).
In Kenny (supra), the Court of Appeals reversed a conviction for selling marijuana when the only proof concerning the marijuana was the testimony of a lay witness of 19 years of age who opined that the substance was marijuana based upon his limited experimentation with the drug. In reversing the conviction the Court of Appeals indicated that a conviction and prison sentence should not be based “solely on a young person’s two or three isolated experiences with what he thinks is ‘pot’ ” (at 157). It is important to note that in the Kenny case the standard of review was beyond a reasonable doubt after conviction (CPL 70.20), and although the lay opinion was not sufficient to sustain a conviction beyond a reasonable doubt, it did not preclude the People from proceeding to trial.
The Swamp case dealt with the issue of legally sufficient evidence before the grand jury. It held that a laboratory analysis report was not required for grand jury purposes and a field test could provide legally sufficient evidence of the alleged controlled *952 substance. The Court further stated (at 730), “[l]egally sufficient evidence — defined as ‘competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’ (CPL 70.10 [1]) — means simply a prima facie case, not proof beyond a reasonable doubt (People v Mayo, 36 NY2d 1002, 1004). The reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to the weight or quality of the evidence — would warrant conviction (People v Mikuszewski, 73 NY2d 407, 411; People v Jennings, 69 NY2d, at 114-115).” Therefore, legally sufficient evidence as defined in CPL 70.10 is the same before the grand jury (CPL 190.65, 70.10), on a motion to dismiss an indictment (CPL 210.30) and at trial, on a motion for a trial order of dismissal (CPL 290.10; People v Swamp, supra at 736 [Smith, J., dissenting]; People v Sabella, 35 NY2d 158 [1974]).
It is clear from the above that the Blunt decision was incorrect in stating that a field test is not legally sufficient evidence to withstand a motion for a trial order of dismissal. If evidence is legally sufficient for purposes of the grand jury, it is also legally sufficient for purposes of a trial order of dismissal since the standard of review is identical under CPL 70.10 (see, People v Jennings, 69 NY2d 103, 115 [1986]).
This error in Blunt is not corrected by other language contained in Swamp and relied upon by the Blunt court. The Blunt court cited the following language from Swamp (supra at 732):
“Under the statutory scheme, in a felony drug prosecution, CPL 715.50 requires a formal laboratory analysis within 45 days of receipt of the drugs. By the time trial commences, more definitive results will be made available to the defendant. . . [w]here possession of felony-weight drugs is alleged, therefore, the law requires that, prior to trial — where the People will attempt to prove guilt beyond a reasonable doubt — more than a field test be conducted . . ..”
This part of the Swamp decision dealt with the Court’s discussion of the fact that evidence later proven unreliable can legally support an indictment since the standard for legal sufficiency is whether the evidence, if uncontradicted, would support a determination of guilt. This dicta from Swamp did not change the *953 court’s ruling in relation to legal sufficiency for purposes of grand jury.
CPL 30.30 only requires that the People possess a prima facie case or legally sufficient evidence (CPL 70.10) at the time they declare their readiness (People v Cross, 273 AD2d 702 [3d Dept 2000]). Ability to proceed with the trial for purposes of CPL 30.30 and ability to convict after trial are two separate and distinct standards. Ability to proceed with the trial only requires legally sufficient evidence that does not deal with the weight or quality of the evidence, whereas, ability to convict after trial involves weight and quality of the evidence and even lack of evidence (CPL 70.20).
A police officer’s testimony together with field test results is sufficient evidence for purposes of CPL 30.30 (People v Carey, 241 AD2d 748 [3d Dept 1997], lv denied 90 NY2d 1010 [1997]).
This court’s interpretation is supported by the fact that failure to comply with CPL 715.50 “shall not be deemed or construed to bar . . . the prosecution of a case involving such drugs” (see, CPL 715.50 [3]; People v Coleman, 306 AD2d 549 [3d Dept 2003]). Failure to follow the mandates of article 715 of the CPL does not preclude the People from presenting evidence regarding the nature and amount of the drugs involved (see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 715.05, at 381; People v Coleman, supra at 550; People v Czarnowski, 268 AD2d 701, 702 [2000]).
Accordingly, the People’s notice of readiness for trial was valid since the People possessed legally sufficient evidence to proceed with the trial pursuant to CPL 30.30. Defendant’s motion to dismiss is denied.