[783 NYS2d 89]

# The People of the State of New York, Appellant, v Raymond Van Hoesen, Respondent.

Third Department, October 21, 2004

APPEARANCES OF COUNSEL

*Paul A. Clyne, District Attorney*, Albany (*Christopher D. Horn* of counsel), for appellant.

*Castillo & Associates*, Albany (*Gloria Herron Arthur* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

The facts in this case are not in dispute. A search of defendant's apartment revealed substances suspected to be cocaine and marihuana, along with paraphernalia commonly used for drug manufacturing and packaging. Field tests performed on the substances by a trained police officer confirmed the presence of cocaine and marihuana. A five-count indictment was thereafter handed up charging defendant with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, unlawful possession of marihuana and two counts of criminally using drug paraphernalia. Although the People announced their readiness for trial at defendant's arraignment and also served a CPL 710.30 notice reiterating their readiness and indicating their intent to introduce a formal narcotic analysis report at trial, it is undisputed that they never ordered laboratory tests of the seized substances until three days before trial, well outside the six-month period within which they were required to be ready for trial under CPL 30.30 (1) (a).

On the date set for trial, Supreme Court dismissed the three drug possession counts on the ground that "the People cannot declare their readiness for trial without a specific evaluation and formal laboratory analysis and report establishing the substance allegedly sold by the defendant was a narcotic drug." Defendant thereafter pleaded guilty to the remaining two counts of the indictment. The People appeal from the dismissal of the three drug possession counts.

CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action. Readiness for trial requires a communication of readiness on the record at a time when the People "are in fact ready to proceed" (*People v Kendzia*, 64 NY2d 331, 337 [1985]). The relevant "inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (*People v England*, 84 NY2d 1, 4 [1994]; *see People v McKenna*, 76 NY2d 59, 64 [1990]). As

amplified by this Court, "[p]resent readiness for trial is established when the People file a valid accusatory instrument, where the defendant has been produced for trial on that instrument and where the People have complied with all proceedings required to be decided before the trial can commence" (*People v McCummings*, 203 AD2d 656, 657 [1994]; *accord People v Caussade*, 162 AD2d 4, 8 [1990], *lv denied* 76 NY2d 984 [1990]).

Here, the precise legal question is straightforward, namely, can the People be ready for trial within the meaning of CPL 30.30 in a drug prosecution when the allegedly illegal drugs have not been formally tested? As noted by one court, "[d]ecisional authority is not clear on this issue" (*People v Hyndman*, 194 Misc 2d 335, 338 [2002]).[1] To resolve this dispute, we turn first to *People v Swamp* (84 NY2d 725 [1995]) since this is the principal authority upon which defendant, as well as Supreme Court in this case and other courts (*see People v Hyndman*, *supra*; *People v Blunt*, 189 Misc 2d 471 [2001]), have relied to support the claim that a formal laboratory analysis is required in order for the People to be truly ready for trial within the meaning of CPL 30.30.

In *Swamp*, the defendant was indicted for possession of cocaine after a border stop revealed drug paraphernalia and "chunks of white powder" secreted in his car and on his person (*People v Swamp*, *supra* at 728-729). A field test of the concealed substances indicated the presence of cocaine. In affirming the reinstatement of a dismissed indictment, the Court of Appeals held that the results of a formal laboratory analysis were *not* required to support the indictment; rather, positive preliminary field test results were sufficient to establish a prima facie case of unlawful possession of a controlled substance (*id.* at 728-729). In short, the only issue squarely addressed in *Swamp* was whether the evidence before the grand jury was legally sufficient.

In dismissing the three drug possession counts in this case, Supreme Court held that the People were not ready for trial within the appropriate time period because without a formal laboratory analysis they were not prepared to prove a prima facie case. It reasoned that "[a]ny field test conducted indicating the presence of a narcotic drug . . . is not sufficient to

---

1. Several lower courts have split on the issue (*compare People v Hyndman*, *supra*, *and People v Blunt*, 189 Misc 2d 471 [2001], *with People v Fox*, 2 Misc 3d 950 [2004]).

withstand a motion for a trial order of dismissal." This is a misreading of *Swamp*. *Swamp* held that a formal laboratory report is not required to support an indictment. Thus, it necessarily follows that the lack of such a report would *not* mandate a trial order of dismissal since the standard for judging the legal sufficiency of evidence before a grand jury is the *same* as that for judging a motion for a trial order of dismissal (*compare* CPL 70.10 [1], *with* CPL 190.65, *and* CPL 290.10; *see People v Vasquez*, 142 AD2d 698, 700 [1988], *lv denied* 72 NY2d 1050 [1988]). This point was illustrated by the dissent in *Swamp* (*People v Swamp, supra* at 736 [Smith, J., dissenting]) and noted by the court in *People v Fox* (2 Misc 3d 950 [2004]). In the latter case, the court held that the People's notice of readiness for trial was valid even though they had not yet received a scientific laboratory analysis of the subject drugs. In finding a field test and police testimony legally sufficient for trial readiness purposes, it reasoned that evidence which "is legally sufficient for purposes of the grand jury . . . is also legally sufficient for purposes of a trial order of dismissal since the standard of review is identical under CPL 70.10" (*id.* at 952).

To be sure, the Court of Appeals in *Swamp* did observe that "CPL 715.50 requires a formal laboratory analysis within 45 days of receipt of the drugs" (*People v Swamp, supra* at 732). This reference to CPL 715.50 was also relied upon by Supreme Court as authority for the proposition that the People's failure to obtain a formal laboratory analysis of a suspected substance within six months after commencement of a criminal action renders them not ready for trial within CPL 30.30 because, without such analysis, they have not yet determined that the substance is an illegal drug. In our view, however, neither *Swamp* nor CPL 715.50 compels the prosecution, in order to be ready for trial under CPL 30.30, to have in their possession a formal laboratory analysis concerning alleged drugs.

As noted, *Swamp* does not speak to the issue of readiness for trial under CPL 30.30. While it does indeed contemplate that a formal laboratory analysis will be conducted "*prior* to trial" (*id.* at 732 [emphasis added]), it observes that this analysis will be completed "[b]y the time trial commences" (*id.* at 732). Here, the People did obtain formal laboratory testing prior to trial, albeit only three days beforehand.

Under our interpretation of *Swamp*, the People had legally sufficient evidence to proceed to trial when they indicated their

readiness, namely, the testimony of the arresting officer and positive field test results, and the fact that formal laboratory results were not obtained until after the expiration of the CPL 30.30 statutory period does not mandate a finding that their statement of readiness was illusory (*see People v Carey*, 241 AD2d 748 [1997], *lv denied* 90 NY2d 1010 [1997]; *see generally People v Rouse*, 4 AD3d 553 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Hendrix*, 235 AD2d 575 [1997]; *People v Bargerstock*, 192 AD2d 1058 [1993], *lv denied* 82 NY2d 751 [1993]).[2]

As a final matter, we address the applicability of CPL 715.50 to this case, which, as noted, was also relied upon by Supreme Court in dismissing the three counts of the indictment. CPL 715.50 (1) does provide that "in every felony case involving the possession or sale of a dangerous drug, the head of the agency charged with custody of such drugs . . . shall within [45] days after receipt thereof perform or cause to be performed an analysis of such drugs." The purpose behind CPL article 715, however, is to "provide[ ] a mechanism for avoiding the risk of pilferage inherent in prolonged storage of dangerous drugs seized by the police" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 715.05 [1995 ed]). In other words, its overall scheme is aimed at the disposal of dangerous drugs. Importantly, CPL 715.50 (3) specifically provides that "[t]he failure to have an analysis made or to forward a copy thereof within the time specified . . . shall not be deemed or construed to bar . . . the prosecution of a case involving such drugs." In our view, CPL 715.50 has no bearing on the issue of readiness for trial, its mention by the Court of Appeals in *Swamp* was dicta and any reliance on it as support for the dismissal of an indictment on CPL 30.30 grounds would expand the statute beyond its intended purpose and be in direct contravention of CPL 715.50 (3).

CARDONA, P.J., MERCURE, CREW III and SPAIN, JJ., concur.

---

2. Although not essential to our analysis, we also reject the notion that a formal laboratory analysis is required to establish guilt beyond a reasonable doubt. While the Court of Appeals in *Swamp* stated that "a defendant may [not] be proven guilty beyond a reasonable doubt based *solely* on the results of a . . . field test" (*People v Swamp, supra* at 733 [emphasis added]), we do not consider this statement to a fortiori mean that a formal laboratory test is therefore *required* to prove guilt beyond a reasonable doubt (*see Matter of Angel A.*, 92 NY2d 430, 435 [1998]).

Ordered that the order is modified, on the law, by reversing so much thereof as partially granted defendant's motion and dismissed counts one, two and five of the indictment; motion denied in its entirety and said counts are reinstated; and, as so modified, affirmed.