■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY HUNTER, Appellant. [803 NYS2d 324]—

Crew III, J.P. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 27, 2004,

convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In April 2003, defendant was arrested in the City of Schenectady, Schenectady County, after making a sale of rock cocaine to an undercover police officer. Defendant was subsequently indicted and charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. Upon arraignment, defendant pleaded not guilty, and the People announced their readiness for trial and requested that the indictment be transferred to the trial calendar.

Thereafter, defendant moved to dismiss the indictment on speedy trial grounds (*see* CPL 30.30), which motion was denied. Defendant then pleaded guilty in accordance with a negotiated plea agreement to attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment, was sentenced to an agreed-upon prison term of $4\frac{1}{2}$ to 9 years and waived his right to appeal.

Defendant claims that he was deprived of his right to a speedy trial pursuant to the provisions of CPL 30.30 apparently on the ground that at the time the People declared their readiness (clearly within the statute's time constraints), laboratory results had not been received and the People therefore could not have been ready to proceed. As we previously have observed, the lack of a laboratory report is not required to support an indictment. "Thus, it necessarily follows that the lack of such a report would *not* mandate a trial order of dismissal since the standard for judging the legal sufficiency of evidence before a grand jury is the *same* as that for judging a motion for a trial order of dismissal" (*People v Van Hoesen*, 12 AD3d 5, 8 [2004], *lv denied* 4 NY3d 804 [2005] [citations omitted]). Thus, the fact that formal laboratory results are not obtained by the People prior to the expiration of the statutory speedy trial period does not require a finding that the statement of readiness was illusory (*see People v McCombs*, 18 AD3d 888, 890 [2005]).

We likewise reject defendant's contention that his plea was not voluntarily, knowingly or intelligently made. The record makes plain that defendant was fully advised of the consequences of his plea, including those rights he would be waiving, and that such plea was knowingly and voluntarily made. Throughout the plea allocution, defendant indicated that he understood County Court's admonitions, that he wished to plead guilty and that he was not coerced or threatened into doing so.

We also reject defendant's contention that he was denied the

effective assistance of counsel. The principal basis for defendant's contention is that defense counsel was guilty of gross negligence in encouraging defendant to accept the plea offer. Defense counsel's conduct in encouraging defendant to accept the plea bargain here was nothing more than the product of reasonable and legitimate strategy in the best interest of defendant. Indeed, defendant was well advised by counsel to plead guilty and avoid a trial, considering the likelihood that the People would have been able to secure a conviction and defendant's sentence thereon would have been considerably harsher than that to which he agreed.

Finally, with regard to defendant's contention that his sentence was harsh and excessive, we decline to address the issue. While it is clear that we have the authority to review such a claim in the interest of justice, defendant's decision to waive his right to appeal as part of the plea agreement represents his decision to foreclose review of the sentence (*see People v Clow*, 10 AD3d 803, 804 [2004]). We have considered defendant's remaining contentions and find them equally without merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.