■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. WEAVER, Appellant. [824 NYS2d 470]—

Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered July 11, 2005, upon a verdict convicting defendant of the crimes of criminal sexual act in the third degree and unlawfully dealing with a child in the first degree.

On August 19, 2004, defendant was charged, in a superseding indictment, with the crimes of criminal sexual act in the first and third degrees and unlawfully dealing with a child in the

first degree. The charges were based upon allegations that, in November 2003, he provided alcohol to an 18-year-old girl and engaged in oral sexual conduct with her by forcible compulsion and without her consent (for reasons other than incapacity). Prior to trial, the original indictment handed up in January 2004 was dismissed by County Court as superseded (*see* CPL 200.80). The court, however, denied defendant's subsequent motion to dismiss the superseding indictment on statutory speedy trial grounds (*see* CPL 30.30 [1] [a]). After a jury trial, defendant was convicted of criminal sexual act in the third degree and unlawfully dealing with a child in the first degree for which he was sentenced to an aggregate prison term of 1 to 3 years.

On defendant's appeal, we find merit to his claim that his motion to dismiss the superseding indictment on statutory speedy trial grounds should have been granted with respect to the felony counts charging criminal sexual acts, because the People were not in fact ready for trial and did not validly declare their readiness for trial within six months of the commencement of this criminal action (*see* CPL 30.30 [1] [a]; *see also People v Kendzia*, 64 NY2d 331, 337 [1985]; *People v Van Hoesen*, 12 AD3d 5, 6-7 [2004], *lv denied* 4 NY3d 804 [2005]). Here, the criminal action against defendant commenced but once, on December 10, 2003, when he first appeared in Town Court on an appearance ticket charging him with unlawfully dealing with a child in the first degree (*see* CPL 30.30 [5] [b]; *People v Stirrup*, 91 NY2d 434, 438-439 [1998]; *People v Lomax*, 50 NY2d 351, 356 [1980]). The original indictment, handed up on January 5, 2004, mistakenly charged defendant with sodomy in the first and third degrees under Penal Law former § 130.50 (1) and § 130.40 (3) (as well as unlawfully dealing with a child in the first degree [Penal Law § 260.20 (2)]) and was premised upon conduct allegedly occurring on *November 8, 2003*. Notably, under the amendments to the 2001 Sexual Assault Reform Act which were effective as of *November 1, 2003* (L 2003, ch 264, § 72, as amended), the Penal Law crimes of sodomy were renamed and replaced by the crimes of criminal sexual acts, which proscribe more specifically "oral sexual conduct" (Penal Law § 130.00 [2] [a]) and "anal sexual conduct" (Penal Law § 130.00 [2] [b]).[1]

On January 6, 2004, when defendant was arrested and ap-

---

1. Under the former sodomy statutes, "deviate sexual intercourse" included sexual conduct consisting of contact between the penis and anus, the mouth and penis, or the mouth and vulva (*see* Penal Law former § 130.00 [2]). Under the more specific criminal sexual acts statutes, "anal sexual conduct" means penis to anus contact, and "oral sexual conduct" means mouth to penis

peared for arraignment on the indictment, the People announced their readiness for trial. However, that indictment was jurisdictionally defective because it charged defendant with the crimes of sodomy specifically premised upon engaging in "deviate sexual intercourse," which were no longer existing crimes or an element of Penal Law § 130.40 (3) or § 130.50 (1) on the date of the alleged conduct (*see People v D'Angelo*, 98 NY2d 733, 734-735 [2002]; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Case*, 42 NY2d 98, 99-100 [1977]; *People v George*, 261 AD2d 711, 713 [1999], *lv denied* 93 NY2d 1018 [1999]; *cf. People v Ray,* 71 NY2d 849, 850 [1988]; *People v Champion*, 20 AD3d 772, 773-774 [2005]).

Present readiness for trial requires a valid accusatory instrument (*see People v McCummings*, 203 AD2d 656, 657 [1994]; *see also People v Van Hoesen, supra* at 7). Thus, with respect to the sodomy counts, the People's *initial* statement of readiness on the defective indictment was illusory and invalid and *did not operate to toll the six-month statutory speedy trial period* (*see* CPL 30.30 [1] [a]; *see also People v England*, 84 NY2d 1, 4 [1994]; *People v Cole*, 73 NY2d 957 [1989]; *cf. People v Rouse*, 4 AD3d 553, 556 [2004], *lv denied* 2 NY3d 805 [2004]). Therefore, the period up until the only valid declaration of readiness—on the superseding indictment—must be charged to the People (*see People v Atkins*, 309 AD2d 971, 972 [2003], *lv denied* 3 NY3d 636 [2004]; *see also People v Cole, supra* at 958; *cf. People v Berry*, 5 AD3d 866 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Brickley*, 306 AD2d 551, 552-553 [2003], *lv denied* 100 NY2d 641 [2003]). While the People are correct that the superseding indictment "related back to the original [indictment] for the purpose of determining the commencement of the six-month readiness period imposed by CPL 30.30 (1) (a)" (*People v Sinistaj*, 67 NY2d 236, 237 [1986]; *see People v Lomax, supra* at 356), there was never a valid statement of readiness within the six-month statutory period (*cf. People v Brown*, 23 AD3d 703, 705 [2005], *lv denied* 6 NY3d 810 [2006]; *People v Bowers*, 4 AD3d 558, 559 [2004], *lv denied* 2 NY3d 796 [2004]; *People v Morales*, 309 AD2d 1065 [2003], *lv denied* 1 NY3d 576 [2003]).

Consequently, subtracting excludable time,[2] we are constrained to conclude that the People's September 7, 2004 declaration of readiness at defendant's arraignment on the supersed-

and mouth to vagina/vulva contact, as well as mouth to anus contact, which had not previously been included in deviate sexual intercourse.

**2.** The only time chargeable to defendant is the period between his August 17, 2004 motion to dismiss the original indictment and the filing of the superseding indictment (*see* CPL 30.30 [4] [a]; *People v Brown, supra* at 705).

ing indictment did not occur within six months of the December 10, 2003 commencement of this criminal action. Thus, on this record, we find that defendant's motion to dismiss the felony counts of the superseding indictment should have been granted (*see* CPL 210.20 [1] [g]; 210.45 [4]; *see also People v Lomax, supra* at 357) and the felony conviction must be reversed.

Addressing defendant's other claims which bear upon his remaining conviction for unlawfully dealing with a child, we find that they are unpreserved and, in any event, none has merit. County Court's preliminary admonitions to the jury, repeated during the trial, complied with CPL 270.40 and were adequately reconveyed prior to recesses in deliberations (*see* CPL 310.10 [2]). Further, we find no error in the court's refusal to accept a partial verdict after only six hours of deliberations, accompanied by instructions to the jury which sufficiently conveyed that deliberations were to continue "upon the entire case" (CPL 310.70 [1] [b] [ii]; *see Matter of Oliver v Justices of N.Y. Supreme Ct. of N.Y. County*, 36 NY2d 53, 58 [1974]). Also, a review of the record as a whole reflects that defendant received meaningful assistance of counsel, who pursued numerous motions and a legitimate defense strategy and effectively raised objections and cross-examined the complainant and other witnesses (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Rivera*, 71 NY2d 705, 708 [1988]). Finally, to the extent that defendant alleges prosecutorial misconduct, we find none (*see People v Blair*, 32 AD3d 613, 614 [2006]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of the crime of criminal sexual act in the third degree under count 2 of the indictment; said count dismissed; and, as so modified, affirmed.